**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rogerio BELLA, Defendant-Appellant.**

**No. 15156.**

United States Court of Appeals
Seventh Circuit.

Dec. 17, 1965.

Richard H. Devine, Thomas J. Maloney, Chicago, Ill., for appellant.

Edward V Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., Chicago, Ill., for appellee, Richard G. Schultz, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and MERCER, District Judge.

HASTINGS, Chief Judge.

The appellant, Rogerio Bella, indicted in a four-count indictment with one Reynaldo Betancourt for violations of the narcotics laws of the United States, 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174, was found guilty by a jury and sentenced to nine years on each count of the indictment, to run concurrently. The only claim Bella urges on this appeal is that he was deprived of a fair trial because of incompetence in the conduct of his trial by his court appointed counsel.

Bella states that the only issue in his trial was his identification by narcotics agents. He claims that court appointed counsel was deficient in failing to challenge the identifying witnesses as to the circumstances of the identification.

It is further asserted that court appointed counsel failed to make proper motions for judgment of acquittal and did not tender any instructions on behalf of appellant, but rather agreed to the use of Government's instructions. Finally, court appointed counsel did not file notice of appeal.

In United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976 (1948), a criminal case in which competency of trial counsel for defendant was challenged, this court stated:

> "Petitions challenging the competency of counsel * * * must clearly allege such a factual situation which if established by competent evidence would show the representation of counsel was such as to reduce the trial to a farce or a sham. Otherwise, they should be dismissed." United States ex rel. Feeley v. Ragen, supra, at 981.

■ No showing has been made that Bella's representation at trial was incompetent. Unless a strong showing is made that conduct of counsel virtually deprived defendant of a trial, matters of trial conduct and tactics adopted pursuant to defense counsel's professional opinion on the merits of the case should not be subjected to a critique by a court of appeals.

■ In addition, no showing has been made that court appointed counsel's failure to appeal was due to incompetence. Indeed, the fact that the sole issue argued on this appeal is the incompetence of trial counsel seems to indicate that, perhaps, were she to have conducted the appeal, trial counsel would have had to have attacked her own conduct of the trial. That would certainly have been an anomaly.

Further, no prejudice has been shown by the alleged failure of court appointed counsel to file a notice of appeal. Judgment of conviction and sentence was entered by the trial court on March 30, 1965. Commitment was issued on April 2, 1965. The notice of appeal was filed *pro se* on April 16, 1965, in conformity with Rule 37, Federal Rules of Criminal Procedure, Title 18 U.S.C.A. The appeal was duly processed and Bella was afforded the full protection of the right of appeal in this case.

■ From the record, it appears that court appointed counsel for Bella competently and professionally protected whatever rights he may have had as she saw them. Nothing in the record indicates that Bella was deprived of a fair trial. Cf. United States ex rel. Feeley v. Ragen, supra.

Indeed, as correctly stated in Government's brief, in this jury trial court appointed counsel motioned the court to exclude witnesses from the courtroom; promptly objected to testimony of a discussion between narcotic agents who were planning the purchase; objected to a conversation with a conspirator on the ground that the conspiracy had not yet been connected up; elicited on cross-examination from Agent Bedolla that his knowledge that the substance purchased from defendant was delivered to the United States Chemist was based on hearsay, and that Agent Bedolla had an erroneous telephone number in his report; objected to an agent's testimony of what he decided to do, and to the content of a radio message; and objected to Government calling a witness back after his testimony was completed.

Finally, it is of more than passing interest to note from the record that Bella was adjudged an indigent in his trial in the district court and was ably represented by court appointed counsel. Yet, in this appeal, Bella did not seek to proceed in forma pauperis, and was represented by private counsel of his own choosing.

We hold that this appeal is wholly without merit and that the judgment appealed from should be and is now affirmed.

Affirmed.